**FILED**
**Sep 17, 2020**
**07:15 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **KHALED SADEEKAH,** | ) | **Docket No. 2020-06-0218** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 10400-2020** |
| **ZAHER ABDELAZIZ, d/b/a HOME** | ) | |
| **FURNITURE AND MORE,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | ) | |

## EXPEDITED HEARING ORDER

In a September 2, 2020 expedited hearing, Mr. Sadeekah requested benefits for an alleged injury to his right wrist, elbow, and shoulder. Home Furniture argued it owed no benefits because it has fewer than five employees and is, therefore, not subject to the Workers' Compensation Act. Home Furniture further argued Mr. Sadeekah's injury did not arise primarily out of and in the course and scope of employment. The Court holds Mr. Sadeekah is not likely to prevail at a final hearing that Home Furniture is subject to the Act or that he suffered an injury arising primarily out of and in the course and scope of employment. Therefore, the Court denies his request for benefits.

## Claim History

In early March 2019, Mr. Sadeekah had surgery on his right arm for a non-work-related condition. After his surgery, he worked intermittently for Home Furniture doing "front desk duties" because his right arm was immobilized. According to Mr. Sadeekah, he was working at Home Furniture on March 29 when the store's owner, Zaher Abdelaziz, instructed him to "start loading" furniture for delivery.[1]

Mr. Sadeekah said he went to help Clay Reed, a delivery driver's assistant, load a dresser into the truck, when the dresser rolled down the ramp toward him. He put out his left hand to stop the dresser, but it hit him in the right arm and shoulder.

---

[1] The Petition for Benefit Determination alleged a March 22, 2019 injury date, but Mr. Sadeekah testified he thought the accident actually occurred March 29. He also alleged a 2017 injury, which is not at issue in this case.

Clay Reed agreed that an accident occurred, but he claimed the dresser hit him instead of Mr. Sadeekah. Clay Reed said he did not realize Mr. Sadeekah was there until he felt Mr. Sadeekah shove one side of the dresser. This knocked Clay Reed off balance, and he toppled over the side of the ramp, taking the dresser with him. He said Mr. Sadeekah did not appear injured, and he did not see how he could have been injured, since the dresser fell on the ground with him.

The truck's driver, Alibek Yusupov, Clay Reed's boss, testified by affidavit that he did not witness the accident, but he denied Mr. Sadeekah helped load the truck that day. He likewise wrote that Mr. Sadeekah did not appear injured after the accident that hurt Clay Reed.

The store's manager, James Reed, said Mr. Sadeekah was not working on the day the accident occurred. Instead, he said Mr. Sadeekah was on medical leave but came to visit Mr. Abdelaziz. Like Mr. Yusupov, he did not see the accident occur and noticed no signs that Mr. Sadeekah was injured afterward.

In addition to the testimony of these witnesses, Mr. Sadeekah's follow-up medical records for his March 11 surgery do not mention a work injury. At a March 25 appointment, Mr. Sadeekah specifically denied "any post-operative complications or complaints." Similarly, an April 1 record does not refer to an injury from either March 22 or 29.

Mr. Sadeekah requested treatment for his alleged work injury, and Home Furniture denied the claim.

On whether Home Furniture is subject to the Workers' Compensation Act, several witnesses testified about their employment relationship with the store. James Reed said he is employed as the manager. Jamal Ahmad testified he worked for Mr. Abdelaziz around the time of this incident. Clay Reed said he worked for Mr. Youssef, who identified himself as an independent contractor.

Several witnesses testified about working for two different furniture stores with the same name: one owned and operated by Mr. Abdelaziz, and another owned and operated by Nasir Hijaz. Mr. Hijaz testified that he owns Z & N, Inc., d/b/a Home Furniture, which is a separate entity from Mr. Abdelaziz's business. Because the two stores employed some of the same people, some witnesses' employment relationships are murky. For instance, Amjad Kirollos testified he worked for Mr. Hijaz in 2018. Atef Kirollos testified he worked for Mr. Abdelaziz in 2017. Osama Alkahdi testified that he merely helped Mr. Abdelaziz because he was friends with his son and wanted to learn the trade.

Because Home Furniture did not have workers' compensation insurance, a Bureau Compliance Specialist visited the store and found only three people who identified themselves as employees. He conducted other research and noted, "A search of state records shows at most four (4) employees reported for 2019 QTR 1-4."

**Findings of Fact and Conclusions of Law**

At the expedited hearing stage, Mr. Sadeekah must present sufficient evidence that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

The Court holds Mr. Sadeekah is unlikely to prevail at a final hearing for two reasons. First, the evidence suggested Home Furniture was not subject to the Workers' Compensation Law because it did not meet the statutory definition of an employer. Second, Mr. Sadeekah did not present sufficient evidence showing his injury arose primarily out of the course and scope of his employment.

As to whether Home Furniture meets the statutory definition of an employer, an employer must use "the services of not less than five (5) persons for pay" to be subject to the law. *See* Tenn. Code Ann. §§ 50-6-102(13), 50-6-106(5) (2019). Here, the evidence showed Home Furniture does not meet this definition. The Compliance Specialist discovered at most four employees working for Home Furniture during the first quarter of 2019. When he visited almost a year after this incident, he found only three employees. At the hearing, James Reed and Mr. Ahmad were the only witnesses other than Mr. Sadeekah who claimed employment with Mr. Abdelaziz when this incident occurred. Mr. Yusupov asserted he was an independent contractor, and Clay Reed said he was employed by Mr. Yusupov. The remaining witnesses either worked for Mr. Hijaz or for Mr. Abdelaziz years ago. Given these facts, the Court holds Mr. Sadeekah is unlikely to prevail at trial in proving he is entitled to workers' compensation benefits from Home Furniture.

Next, Mr. Sadeekah must show that his alleged injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14). An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle,* 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993). In this case, the Court credits the store manager's testimony that Mr. Sadeekah was on medical leave and not working, along with the testimony from the driver and his assistant that Mr. Sadeekah did not help load the truck.

Turning to the "arising out of" requirement, an injury arises primarily from employment when "the employment contributed more than fifty percent (50%) in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(14)(B). Moreover, an employee must present expert medical proof that an alleged injury is causally related to

3

employment when the case is not "obvious, simple [or] routine." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *27 (Nov. 9, 2015). Here, the only evidence that this accident caused Mr. Sadeekah's injury came from his testimony. He offered no medical opinion concerning his injury's cause. Although an employee's testimony about causation is probative, it is insufficient alone to meet his burden of proof in the absence of medical evidence. *Arciga v. AtWork Pers. Servs.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 6, at *7 (Feb. 2, 2016). Therefore, the Court holds Mr. Sadeekah is unlikely to prevail in proving his injury arose primarily out of his employment with Home Furniture.

**IT IS ORDERED** as follows:

1. The Court denies Mr. Sadeekah's requested relief at this time.

2. The Court sets this claim for a **scheduling hearing** on **November 2, 2020**, at **9:30 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED September 17, 2020.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits

1. Affidavit of Abdulhamid Assaf
2. Affidavit of Alibek Yusupov
3. Affidavit of Atef Kirollos
4. Affidavit of Fahed Naskshou
5. Affidavit of Hasan Aihesn
6. Affidavit of James Reed
7. Affidavit of James "Clay" Reed
8. Affidavit of Khaled Sadeekah
9. Affidavit of Lina Alaroudaki
10. W-2 Form of Khaled Sadeekah
11. Medical Records
12. Investigation Report

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion to Continue filed by Employee
5. Order Granting Motion to Continue
6. Motion to Exclude/Quash/Strike

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 17, 2020.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| Khaled Sadeekah | X | | X | khalidsaddikah@gmail.com<br>1510 Zermatt Ave.<br>Nashville, TN 37211 |
| Courtney E. Smith, Employer's attorney | | | X | csmith@spicerfirm.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*